**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | |
|---|---|
| KAREN SCHROCK, individually and on behalf of a class of similarly situated individuals, | )<br>)<br>) |
| *Plaintiff*, | ) No. 1:10-cv-07230<br>) |
| v. | )<br>) |
| WENNER MEDIA LLC, a Delaware limited liability company; and CONSUMER BENEFIT SERVICES, INC., an Illinois corporation, | )<br>)<br>)<br>)<br>) |
| *Defendants*. | ) |

**CLASS ACTION COMPLAINT**

Plaintiff Karen Schrock ("Plaintiff") brings this class action complaint against Wenner Media LLC ("Wenner") and Consumer Benefit Services, Inc. ("CBSI" and collectively "Defendants") to stop Defendants' practice of making unsolicited text message calls to cellular telephones, and to obtain redress for all persons injured by their conduct. Plaintiff, for her Class Action Complaint, alleges as follows upon personal knowledge as to herself and her own acts and experiences, and as to all other matters, upon information and belief, including investigation conducted by her attorneys.

**NATURE OF THE CASE**

1. In an effort to promote paid subscriptions to their products, including magazines, identity protection services and discount clubs, the Defendants – Wenner, a publisher of well-known periodicals such as the magazine *Us Weekly*, and CBSI, a self-described "international relationship marketer" – engaged in an especially pernicious form of marketing: the transmission

of unauthorized advertisements in the form of "text message" calls to the cellular telephones of consumers throughout the nation.

2. By effectuating these unauthorized text message calls (hereinafter, "wireless spam" or "SMS Messages"), Defendants have caused consumers actual harm, not only because consumers were subjected to the aggravation that necessarily accompanies wireless spam, but also because consumers frequently have to pay their cell phone service providers for the receipt of such wireless spam.

3. In order to redress these injuries, Plaintiff, on behalf of herself and a nationwide class of similarly situated individuals, brings this suit under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA"), which prohibits unsolicited voice and text calls to cell phones.

4. On behalf of the class, Plaintiff seeks an injunction requiring Defendants to cease all wireless spam activities and an award of statutory damages to the class members, together with costs and reasonable attorneys' fees.

## PARTIES

5. Plaintiff Karen Schrock is a citizen of Indiana.

6. Defendant Wenner Media, LLC is a publisher of several periodicals such as magazines *Us Weekly*, *Rolling Stone* and *Men's Journal*. It is a Delaware limited liability company with its principal place of business in New York, and is registered to do business in Illinois. It does business throughout the United States both on its own and through several corporate subsidiaries such as Rolling Stone, LLC, Us Magazine, LLC, and Us Weekly, LLC, all of which operate in this judicial district.

7. Defendant Consumer Benefit Services, Inc. is a marketer of numerous subscription products including personal identification theft prevention services ("ID Sentinel Alert"), group buying club memberships ("United Benefit Advantage") and Defendant Wenner's magazines. It is an Illinois corporation with its principal place of business in Illinois. It does business throughout the United States, including in Illinois and in this judicial district.

## JURISDICTION AND VENUE

8. The Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) because: (a) at least one member of the putative class is a citizen of a state different from Defendants, (b) the amount in controversy exceeds $5,000,000, exclusive of interest and costs, and (c) none of the exceptions under that subsection apply to this action.

9. The Court also has original jurisdiction pursuant to 28 U.S.C. § 1331 because this action arises under the laws of the United States, specifically the Telephone Consumer Protection Act, 47 U.S.C. § 227.

10. Venue is proper in the Northern District of Illinois under 28 U.S.C. § 1391(b) because both Defendants reside in this district and a substantial part of the events concerning the wireless spam at issue occurred in this district.

## CONDUCT COMPLAINED OF

11. In recent years, marketers who often have felt stymied by federal laws limiting solicitation by telephone, facsimile machine, and e-mail have increasingly looked to alternative technologies through which to send bulk solicitations cheaply.

12. One of the newest types of such bulk marketing is to advertise through Short Message Services. The term "Short Message Service" or "SMS" describes a messaging system

that allows cellular telephone subscribers to use their cellular telephones to send and receive short text messages, usually limited to 160 characters.

13. An "SMS message" is a text message call directed to a wireless device through the use of the telephone number assigned to the device. When an SMS message call is successfully made, the recipient's cell phone rings, alerting him or her that a call is being received.

14. Unlike more conventional advertisements, SMS calls, and particularly wireless spam, can actually cost their recipients money, because cell phone users must frequently pay their respective wireless service providers either for each text message call they receive or incur an usage allocation deduction to their text plan, regardless of whether or not the message is authorized.

15. Beginning in at least 2009 and continuing for months thereafter, Defendants and their agents caused mass transmissions of wireless spam to the cell phones of what they hoped were potential customers of Defendants' subscription products, including *Us Weekly*, ID Sentinel Alert and United Benefit Advantage, among others.

16. For instance, on or about October 10, 2010, Plaintiff's cell phone rang, indicating that a text call was being received.

17. The "from" field of the transmission was identified cryptically as "310-430-5627," which is a dedicated telephone number operated by Defendants' agents that transmits text messages *en masse* through devices known as modem banks and/or carrier gateways. The body of such text message read:

> CONGRATULATIONS: U HAVE BEEN CHOSEN TO RECEIVE A $50
> SHOPPING VOUCHER AND 3 OF UR FAVORITE MAGAZINES!
> CALL 888-210-8995 NOW. 2 END RPLY STOP.

4

18.     Shortly thereafter, on or about October 17, 2010, Plaintiff's cell phone again rang, indicating that a text call was being received. The "from" field of the transmission was again a dedicated telephone number identified as "562-726-5091." The body of such text message read:

> GREAT NEWS: U HAVE BEEN CHOSEN TO RECEIVE A
> $200 SHOPPING VOUCHER TO UR FAVORITE STORES.
> CALL 866-869-0428 NOW. 2 END RPLY STOP.

19.     When recipients of the above text messages call the toll-free telephone numbers identified in the bodies of such messages, Defendants and/or their agents present offers for Defendants' products, which when accepted appear on consumers' credit card accounts as charges from the Defendants, identified specifically as "WMA Us Weekly", "ID Sentinel Alert," "United Benefit Advantage," among others.

20.     Defendants' and their agents' use of dedicated telephone numbers enabled Defendants' mass transmission of wireless spam to a list of cellular telephone numbers, including Plaintiff's.

21.     At no time did Plaintiff consent to the receipt of the above-referenced messages or any other such wireless spam text message from Defendants.

## CLASS ALLEGATIONS

22.     Plaintiff brings this action on behalf of herself and a class (the "Class") defined as follows:  All persons in the United States and its territories who received one or more unauthorized text message advertisements on behalf of Defendants.

23.     Upon information and belief, there are over 1,000 members of the Class such that joinder of all members is impracticable.

24. Common questions of law and fact exist as to all members of the Class and such questions predominate over questions affecting Plaintiff or individual members. Common questions for the Class include:

   (a) Does the wireless spam Defendants distributed violate the TCPA?

   (b) Are the Class members entitled to treble damages based on the willfulness of Defendants' conduct?

   (c) Did the conduct described above violate the Class's right to privacy?

25. Plaintiff will fairly and adequately protect the interests of the Class, her claims are typical of the claims of the members of the Class, and she has retained counsel competent and experienced in similar class action litigation.

26. A class action is superior to other available methods for fairly and efficiently adjudicating this controversy because, among other things, (a) joinder of all members of the respective Class is impracticable, and (b) many members of the Class cannot vindicate their rights by individual lawsuits because their damages are small relative to the burden and expense of litigating individual actions.

**COUNT I**
**(Violation of the TCPA, 47 U.S.C. § 227: On behalf of the Class)**

27. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

28. Defendants and their agents made unsolicited commercial text calls to a list of wireless telephone numbers of Plaintiff and the other members of the Class using equipment that had the capacity to store or produce telephone numbers to be called using a random or sequential number generator and to dial such numbers.

29. These text calls were made *en masse* through the use of a dedicated telephone number without the prior express consent of Plaintiff and the Class.

30. Defendants have, therefore, violated the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii). As a result of Defendants' illegal conduct, the members of the Class suffered actual damages and, under section 227(b)(3)(B), are each entitled to, *inter alia,* a minimum of $500.00 in damages for each such violation of the TCPA.

31. Defendants' misconduct was willful and knowing, and the Court should, pursuant to section 227(b)(3)(C), treble the amount of statutory damages recoverable by the Plaintiff and members of the Class.

WHEREFORE, Plaintiff, on behalf of herself and the Class, prays for the following relief:

1. An order certifying the Class as defined above;
2. An injunction requiring Defendants to cease all wireless spam activities;
3. An award of actual and statutory damages;
4. An award of reasonable attorneys' fees and costs; and
5. Such further and other relief the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests trial by jury of all claims that can be so tried.

November 9, 2010

Karen Schrock, individually and on behalf of a class of similarly situated individuals

/s/ Ryan D. Andrews
One of Plaintiff's attorneys

Ryan D. Andrews
Michael J. McMorrow
Sarah E. Davenport
EDELSON MCGUIRE, LLC
350 North LaSalle Street
Suite 1300
Chicago, Illinois 60654
Tel.: (312) 589-6370
Fax: (312) 589-6378